■ CITY SCHOOL DISTRICT OF THE CITY OF WHITE PLAINS, Respondent, v. WHITE PLAINS TEACHERS ASSOCIATION, Appellant.— In a proceeding to stay arbitration which had been sought by appellant, the appeal is from an order of the Supreme Court, Westchester County, dated June 19, 1973, which granted the application. Order affirmed, with $20 costs and disbursements. The negotiating committees for the parties executed a "Memorandum of Agreement" which stated, *inter alia*, that if the parties were unable to agree on the necessary language in drawing up their contract, such dispute would be submitted to arbitration. At the top of the memorandum the following was written: "Outline form only — subj. to lang. and approval of B of E and ratification by Tchs. Assn." While it appears that the Board of Education agreed, in principle, to the inclusion in the contract of at least some of the provisions of the memorandum, a final contract had not yet been drawn. There could be no binding agreement where the parties had not agreed upon the language to be used in the contract. Where public agreements and public moneys are involved, contracts should be clear and explicit. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■ COLONIAL SAND & STONE CO., INC., Respondent, v. TOWN OF SMITHTOWN, Appellant.— In an action for declaratory and injunctive relief, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered May 25, 1973, which, *inter alia*, declared effective reservations in a 1960 deed from plaintiff to defendant, which deed was allegedly corrected by a 1970 deed. Judgment reversed, on the law, with costs, and action remanded to Special Term for entry of judgment in accordance with the views set forth herein. The judgment is erroneous insofar as it declared the first three reservations in the 1960 deed to be subsisting, a fault conceded on appeal by plaintiff, whose reply to defendant's counterclaim admitted the exhaustion by plaintiff of its right of excavation. Upon remand, judgment should be entered declaring that plaintiff has not abandoned the use reserved to it by the fourth reservation and that the fourth reservation is effective and, with respect thereto, granting to plaintiff appropriate injunctive relief. Further, the judgment should declare that the first three reservations in the deeds are no longer effective and, with respect to those reservations, grant defendant appropriate injunctive relief. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.